IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02206-JLK-MJW

JANET STUART SMITH, et al.,

Plaintiffs,

v.

SLIFER SMITH & FRAMPTON/VAIL ASSOCIATES, et al.,

Defendants.

---

# ORDER REGARDING
# PLAINTIFFS' MOTION TO COMPEL AND TO AMEND SCHEDULING AND DISCOVERY ORDER (DOCKET NO. 75)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion to Compel and to Amend Scheduling Order (docket no. 75). The court has reviewed the subject motion (docket no. 75), the response (docket no.88), and the reply (docket no .107). In addition, the court has taken judicial notice of the court's file and considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on this subject motion (docket no. 75);

4. That Plaintiffs seek an Order from this court allowing Plaintiffs to take the deposition of Raphael Gorgal, who is proffered to be an ESI expert. ESI stands for electronically stored information. Moreover, Plaintiffs seek an Order from this court requiring Defendants to provide the entire work file for Mr. Gorgal. Lastly, Plaintiffs seek an Order from this court that would give Plaintiffs until one week after the completion of the depositions of Mr. Gorgal and Mr. Cowan to file their response to Defendants' Motion for Summary Judgment (docket no. 60);

5. Defendants argue that Plaintiffs are not entitled to take the deposition of Mr. Gorgal because: (1) Mr. Gorgal has never been designated as a testifying expert with respect to the discovery remaining per the Rule 16 Scheduling Order; (2) to the extent that Plaintiffs seek to depose Mr. Gorgal to learn of his communications with Defendant Peter Seibert, this discovery is unnecessary and duplicative since Plaintiffs have already deposed Mr. Seibert about his communications with Mr. Gorgal; (3) Plaintiffs have failed to show that discovery from Mr. Gorgal is necessary in order to support the Plaintiffs' Motion for Sanctions for Destruction of Evidence (docket no. 74); and (4) Plaintiffs have not satisfied the legal requirement for obtaining discovery from a non-testifying

expert, that is, that there are "exceptional circumstances" present warranting such discovery;

6. That Plaintiffs endorsed three standard of care expert witnesses and an appraisal expert on August 10, 2007, as their sole testifying experts. Defendants submitted their Fed. R. Civ. P. 26(a)(2) disclosures on September 10, 2007, in compliance with the Rule 16 Scheduling Order, and Defendants identified two standard of care expert witnesses and an appraisal expert witness;

7. That neither party disclosed any expert witness relating to electronic discovery or computer forensic investigation in their initial disclosures;

8. That on July 18, 2008, Judge Kane granted the Joint Motion to Amend the Scheduling and Discovery Order (docket no. 72). This Order (docket no. 73) superseded all previous Scheduling Orders entered in this case and narrowed the permissible remaining discovery to only those items identified in this Order (docket no. 73). *See* Judge Kane's Order (docket no. 73);

9. That in response to Judge Kane's July 18, 2008, Order (docket no. 73), Defendants endorsed Mr. Cowan as their testifying expert relating to any outstanding electronic discovery issues in the case. In particular, Mr. Cowan was endorsed to address Plaintiffs' contention that relevant evidence had been improperly destroyed. Defendants did not "redesignate" Mr. Gorgal as a non-testifying

expert. Instead, Mr. Gorgal was earlier identified as a testifying expert with respect to the issues raised in the Scheduling Order in existence in July 2008, and Plaintiffs had the opportunity to depose Mr. Gorgal per the then existing Scheduling Order but failed to timely do so. Plaintiffs failed to timely depose Mr. Gorgal even though Mr. Gorgal's report dated July 7, 2008, stated that he had discovered the existence of Anti Tracks software on a computer that existed in the home of Defendant Seibert on June 26, 2008. Furthermore, Plaintiffs know that Mr. Gorgal did not perform the imaging on the Defendants' computer systems in the Fall of 2007. As stated in Mr. Cowan's report, which Plaintiffs have a copy of, another employee, Evan Anderson, of G-C Partners performed the imaging. *See* exhibit H attached to the Response (docket no. 88). Defendant does not intend to use Mr. Gorgal as a testifying expert witness on the remaining discovery issue concerning whether or not the Defendants intentionally destroyed evidence based on the fact that Anti Tracks exists as well as the other opinions as outlined by Plaintiff's expert witness, Mr. Penrod. Defendants will rely upon Mr. Cowan as their sole testifying expert witness on this issue;

10. That in August 2008, Plaintiffs deposed Defendant Seibert. At that time, Plaintiffs had the opportunity to question Defendant Seibert concerning his communications with Mr. Gorgal regarding the Anti Tracks software that existed on Defendant Seibert's home

computer. *See* exhibit K attached to the Response (docket no. 88);

11. That it is clear to this court that Mr. Gorgal simply took a mirror image of the relevant systems in order to preserve the data for future searches and production. Mr. Gorgal did not do a forensic investigation;

12. That Mr. Gorgal is a non-testifying expert witness, and Plaintiffs may not depose him except upon a showing of "exceptional circumstances" under which it is impracticable for Plaintiffs to obtain facts or opinions on the same subject by other means. *See* Fed. R. Civ. P. 26(b)(4)(B). For the reasons stated above, Plaintiffs have failed to demonstrate the existence of "exceptional circumstances" requiring that Mr. Gorgal be deposed.

13. That the court can take judicial notice under Fed. R. Evid. 201 that on September 12, 2008, Plaintiffs filed their Response (docket no. 78) to Defendants' Motion for Summary Judgment (docket no. 60), and therefore Plaintiffs' request to amend the July 18, 2008, Scheduling Order is moot.

ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiffs' Motion to Compel and to Amend Scheduling Order (docket no. 75) is **DENIED**.

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 4th day of December 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE