IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-02206-CMA-MJW

JANET STUART SMITH, et al.,

Plaintiffs,

v.

SLIFER SMITH & FRAMPTON/VAIL ASSOCIATES REAL ESTATE, LLC, et al.,

Defendants.

---

## ORDER REGARDING
## DEFENDANT SLIFER SMITH & FRAMPTON/VAIL ASSOCIATES REAL ESTATE, LLC'S MOTION FOR LEAVE TO DISCLOSE EXPERT WITNESS OUTSIDE OF DISCOVERY DEADLINES IN SCHEDULING ORDER
## (Docket No. 135)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This case was commenced on November 2, 2006 (Docket No. 1), and pursuant to this court's Scheduling Order, defendants' experts were to be disclosed on or before August 8, 2007.  (Docket No. 12 at 9).  Twenty-one months after that deadline, in May 2009, attorneys Skoog and Brody and the law firm of Lowe, Fell & Skogg, LLC, sought leave to withdraw as counsel for defendants due to a conflict that allegedly had just arisen in their representation of both defendants and which counsel allegedly were unable to confirm until May 6, 2009.  (see Docket No. 130 at 2).  Leave to withdraw was granted on May 20, 2009.  (Docket No. 131).  Just over two months later, defendant Slifer Smith & Frampton/Vail Associates Real Estate, LLC ("SSF"), through new counsel, filed the instant motion, which is opposed by the plaintiffs.  (Docket No. 145).

In the instant motion, SSF seeks to disclose an additional expert witness who

2

would separately opine on plaintiff's claims directed at SSF in the transaction at issue.

SSF claims that without such designation of an additional expert witness, it would be left

without an expert witness as to the distinct claims against it and will be prejudiced going

forward.

This court has reviewed the factors set forth in <u>Smith v. United States</u>, 834 F.2d

166, 169 (10th Cir. 1987),[1] as well as the standard requiring a showing of good cause,

<u>see</u> Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with

the judge's consent.").  The latter standard is the diligence demonstrated by the moving

party in attempting to meet the court's deadlines.  <u>See</u> <u>Colorado Visionary Academy v.</u>

<u>Medtronic, Inc.,</u> 194 F.R.D. 684, 687 (D. Colo. 2000).

This court finds, substantially for the reasons stated in the plaintiffs' response,

that the motion should be denied.  In particular, this court finds that SSF was not diligent

in its request for another expert.  This court is very hard pressed to accept SSF's

argument that it was because of the conflict with prior counsel that it could not have

earlier endorsed an expert regarding SSF's conduct and the claims against it.  In any

event, based upon this court's earlier findings concerning the destruction of evidence,

---

[1] As noted by the parties, the Tenth Circuit has identified the following relevant factors in reviewing decisions concerning whether discovery should be reopened:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that discovery will lead to relevant evidence.

<u>Smith v. United States</u>, 834 F.2d 166, 169 (10th Cir. 1987).

this court agrees with plaintiffs that SSF and its original counsel could have ascertained the conflict by July 2008, yet the instant motion was not filed until July 2009.  Moreover, as noted by plaintiffs, SSF has already endorsed experts, namely, John Wendt and Karen Easton, regarding the claims asserted against both defendants.  (See Pls.' Ex. 1, Defendants' Expert Disclosures).  In addition, SSF previously moved for summary judgment in which it argued about the claims asserted against it as opposed to those asserted against its co-defendant.  (See Docket No. 60 at 37-38).  Also, in its Reply in support of that motion, SSF again argued that it could not be liable for the co-defendant's misconduct.  (Docket No. 102-2 at 48-52).  As noted by plaintiffs, SSF did not argue in either of those motion papers that it was unable to defend against the claims against it on the basis that it needed more time to endorse an expert to defend those claims.  Quite simply, this court agrees with plaintiffs that it is the hindsight of new counsel for SSF which is behind the instant motion.  This court finds no basis for permitting discovery to be reopened to allow another expert to be endorsed for defendant at this late date, noting that the final pretrial conference is set for just two weeks from now.  (Docket No. 139).

Based on the foregoing, it is hereby **ORDERED** that Defendant Slifer Smith & Frampton/Vail Associates Real Estate, LLC's Motion for Leave to Disclose Expert Witness Outside of Discovery Deadlines in Scheduling Order **(Docket No. 135)** is **denied**.

Date:  September 7, 2009                           s/ Michael J. Watanabe
       Denver, Colorado                          Michael J. Watanabe
                                                United States Magistrate Judge